## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

David M. McPherson and
Gail L. Gugel

    v.                                    Civil No. 18-cv-1221-JL

Resolute Real Estate Investments, Inc.


### REPORT AND RECOMMENDATION

    Plaintiffs David M. McPherson and Gail M. Gugel, holders of a promissory note in the principal amount of $200,000, filed this action in December 2018 to collect the unpaid note balance from the borrower, defendant Resolute Real Estate Investments, Inc. ("Resolute").  See Complaint (Doc. No. 1).  The defendant has defaulted.  Doc. No. 5.  Plaintiff's unopposed motions for default judgment (Doc. No. 8) is before the undersigned magistrate judge for a report and recommendation.  For the reasons that follow, the district judge should grant plaintiff's motion for default judgment.


### I.  Standard of Review

    After default is entered and when, as here, the amount at issue is not a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); see also KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 18-19 (1st

Cir. 2003).  "Although a defaulting party admits the factual
basis of the claims asserted against it, the defaulting party
does not admit the legal sufficiency of those claims."  10 James
Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013).
Before entering default judgment, the court must determine
whether "[t]he claimant [has] state[d] a legally valid claim for
relief."  Id.; see also Ramos-Falcon v. Autoridad de Energia
Electrica, 301 F.3d 1, 2 (1st Cir. 2002).

## II.  Background

By virtue of their default, defendants have admitted the
following facts, as set forth in plaintiff's Complaint.  During
the fall of 2015, plaintiffs loaned $200,000 to Resolute, whose
principal, Philip LoChiatto, was a long-time acquaintance.  The
purpose of the loan was to help LoChiatto, a construction
manager, complete a Resolute project.  The loan was evidenced by
a written promissory note.  The note provided for an annual
interest rate of the lesser of five percent, compounded
quarterly, or the maximum legal rate of interest.  The note
permitted Resolute to prepay all outstanding principal and
interest at any time without penalty.  In the absence of
prepayment, the full principal amount and all accrued interest
would be due and payable on November 21, 2015.  Failure to pay
all amounts due at that time would result in a default which, if

2

uncured within five days following the due date, would result in an increase in the applicable annual interest rate to the lesser of twelve percent, compounded annually, or the maximum legal rate of interest.  The default interest rate would accrue from the date of the default forward.  In addition to these terms, the note also provided that the defaulting borrower would be responsible for collections costs, including attorneys' fees. At LoChiatto's request the payment deadline was extended by one year, to November 21, 2016.

Resolute failed to pay the principal and accrued interest by the extended due date.  LoChiatto ignored plaintiff's demands for payment.  This suit timely followed.

## I.  Discussion

### A.  Liability

The foregoing facts and the plain language of the note, supported by plaintiffs' affidavit (Doc. No. 8-2), establishes Resolute's liability for default on the note.

### B.  Damages

Plaintiff seeks to recover principal and interest totaling $306,528,56 through May 1, 2019, plus interest through the date of judgment.  Affidavit (Doc. No. 8-2) ¶ 8.  The supporting documentation supports such an award.  Id.

3

C. Costs and Attorneys' Fees

As previously noted, the terms of note allow the lender to recoup its costs and fees from the borrower in the event of a default.  Plaintiffs seek $6,890.68 in fees and costs.  Warecki Decl. (Doc. No. 8-3).  This represents roughly 10.5 hours of billed time between December 17, 2018 and March 31, 2019, plus approximately 3.5 hours of unbilled time accrued during April 2018.

"In determining the amount of fees that should be awarded the court will consider, among other things, counsel's time and labor, the complexity of the case, the amount recovered, and the reasonableness of the time spent by counsel." Sailor Music v. Mai Kai of Concord, Inc., 640 F. Supp. 629, 636. (D.N.H. 1986). Defendants have not objected to the reasonableness of the fees and costs, and considering the factors listed above, the court finds that the requested amounts are reasonable.  Therefore, the district judge should grant plaintiffs' request for costs and attorney's fees in the amount of $6,890.68.

## II.  Conclusion

For the reasons set forth herein, the district judge should grant plaintiff's motion for default judgment (Doc. No. 8) as follows:

4

1) the plaintiff shall recover from the defendant $306,528.56, reflecting the note principal and interest through May 1, 2019;

2) the plaintiff shall recover $6,890.68 in attorneys' fees and costs.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

October 24, 2019

cc:  Counsel of record